Citation Nr: 1755122 
Decision Date: 11/05/17 Archive Date: 12/07/17

DOCKET NO. 15-07 943 ) 
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)


THE ISSUES

1. Entitlement to service connection for diabetes mellitus, type 2, to include as due to herbicide exposure. 

2. Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD) and a depressive disorder. 

3. Entitlement to service connection for a respiratory disability, to include chronic obstructive pulmonary disease (COPD), to include as due to asbestos exposure. 

4. Entitlement to service connection for peripheral neuropathy, left lower extremity, to include as due to herbicide exposure. 

5. Entitlement to service connection for peripheral neuropathy, right lower extremity, to include as due to herbicide exposure. 

6. Entitlement to service connection for peripheral neuropathy, right upper extremity, to include as due to herbicide exposure. 

7. Entitlement to service connection for peripheral neuropathy, left upper extremity, to include as due to herbicide exposure. 

8. Entitlement to service connection for hypertension. 

9. Entitlement to service connection for a heart disability. 

10. Entitlement to service connection for squamous cell carcinoma of the tonsil, post radical neck x 3 with metastases (throat cancer).

11. Entitlement to special monthly compensation (SMC) based on the need for Aid and Attendance/Housebound. 

12. Entitlement to a total disability rating based on individual unemployability (TDIU). 


ATTORNEY FOR THE BOARD

C. Bates, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1972 to August 1975.

These matters come before the Board of Veterans' Appeals (Board) on appeal from the RO. In August 2015, the Board remanded the claim for additional development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The issues of entitlement to service connection for an acquired psychiatric disability, service connection for hypertension, service connection for peripheral neuropathy of various extremities, and entitlement to a TDIU and SMC are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The Veteran has not been competently and credibly diagnosed with diabetes mellitus, any heart disability, or any respiratory disability during the pendency of his claim.

2. Although the Veteran has been competently and credibly diagnosed with throat cancer, the most probative evidence of record does not show this claimed disability was caused by an event, injury, or disease during active duty service.


CONCLUSIONS OF LAW

1. The threshold criteria to establish service connection for diabetes, heart, and respiratory disabilities have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2017).
 
2. The criteria to establish service connection for throat cancer have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks service connection for heart, diabetes, respiratory, and throat cancer disabilities. Service connection may be granted for a disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110 (2012). Establishing service connection generally requires (1) the existence of a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

A threshold requirement for the granting of service connection is evidence of a current disability. In the absence of a current disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Shedden, 381 F.3d at 1167. Notably, the Veteran and any other lay witnesses of record are not licensed medical professionals and have not been shown to otherwise possess any requisite knowledge, skill, experience, training, or education to competently diagnose complex medical conditions, such as heart, diabetes, and respiratory disabilities; thus, they are not competent to provide expert medical opinion regarding such diagnoses. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

The evidence of record overwhelmingly indicates that the Veteran has not been competently diagnosed with current heart, diabetes, or respiratory disabilities during the pendency of his claim. See VA Examination, 8, 23 (July 28, 2016) (Legacy Database); VA Examination, 6 (Jan. 28, 2015). In the absence of current disabilities, the threshold criteria for service connection for heart, diabetes, and respiratory disabilities are not met; consequently, the claims must be denied. See 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2017); Brammer, 3 Vet. App. at 225; Shedden, 381 F.3d at 1167.
 
Regarding the Veteran's claimed throat cancer disability, the Board observes that he has been diagnosed with this disability during the pendency of his claim, which satisfies the first service connection element. Shedden, 381 F.3d at 1167. 

The Board now turns to whether the Veteran suffered from an incurrence of this disease or experienced a related injury or event during his active duty service. Here, the service treatment records are negative for complaints, findings, or treatment of any tonsil-related problems, including tonsillar cancer, with the August 1975 separation examination reflecting normal clinical evaluation of the mouth and throat. As noted above, the Veteran is not competent to provide a diagnosis of a complex medical condition, such as throat cancer, which prevents him from competently establishing such a diagnosis during his active duty service. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

Although the Veteran has claimed exposure to herbicides and other applicable toxins (such as asbestos), which could also satisfy the second element, the evidence of record does not corroborate his statements. For example, during his hearing before a Decision Review Officer (DRO), the Veteran explicitly stated that he never touched the ground of Vietnam. See Hearing Transcript, 3 (Dec. 8, 2008). This prior testimony directly contradicts his later statements of being present in Vietnam, which negatively impacts his overall credibility as a lay witness. See Veteran Statement, 1 (Nov. 26, 2010). Also, VA has performed various searches for documents that would corroborate the Veteran's testimony, which have yielded negative results. See, e.g., DPRIS Response, 1 (Mar. 29, 2012).

Whereas the Veteran is not a credible lay witness and the competent and credible evidence of record does not indicate treatment for throat cancer or exposure to herbicides or other applicable toxins during active duty, the Board cannot find that he has satisfied the second service connection element. See Layno v. Brown, 6 Vet. App. 465, 469 (1994); Caluza v. Brown, 7 Vet. App. 498 (1995); Kahana v. Shinseki, 24 Vet. App. 428, 437 (2011). Moreover, there is no competent and credible evidence linking the Veteran's throat cancer to the claimed asbestos exposure in service. 

As the Veteran has not satisfied the criteria to establish entitlement to service connection for throat cancer, the claim must be denied. Shedden, 381 F.3d at 1167.


ORDER

Service connection for diabetes mellitus, type 2, is denied.

Service connection for a heart disability is denied.

Service connection for a respiratory disability is denied.

Service connection for throat cancer is denied. 


REMAND

Regarding the Veteran's claimed acquired psychiatric disability, the Board observes that relevant service treatment records were associated with the claims file after his most recent VA examination. See, e.g., Service Treatment Records, 4 (Dec. 6, 2016). As these records do not appear to have been considered by the examiner, a remand is necessary to ensure that any provided opinion is based upon an accurate factual premise. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993); see also Barr v. Nicholson, 21 Vet. App. 303 (2007) (once VA provides an examination it must provide an adequate one).

Regarding the Veteran's claimed peripheral neuropathy disabilities, the Board observes that his most recent VA examination failed to appropriately determine whether he had a current disability. See VA Examination, 5 (July 28, 2016) (Legacy Database) (indicating that a neurologist stated "there was a possibility of neuropathy. . ."). Consequently, additional examination is required to fairly adjudicate his claim. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

Regarding the Veteran's claimed hypertension, the Board observes that he has been competently and credibly diagnosed with this disability. See VA Examination, 14 (July 28, 2016) (Legacy Database). Although the VA examiner from his most recent examination opined that the condition was not caused by service, the only rationale provided appeared to be that it was not diagnosed during the presumptive periods. See id. at 15. This conclusory rationale is not adequate to fairly adjudicate the Veteran's claim and failed to appropriately consider evidence from his service treatment records of potential hypertensive symptoms. See Service Treatment Records, 10 (Mar. 13, 2008) (indicating that the Veteran sought treatment for headaches and dizziness during active duty service). Once VA provides an examination, it must provide an adequate one; consequently, additional medical opinion is required to fairly adjudicate his claim. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

As acknowledged in the prior Board remand, the issues of entitlement to SMC and TDIU are deferred pending the outcome of the service connection claims. The Veteran is not currently service-connected for any disability, thus these claims may not be granted at the present moment. Whereas any grant of service connection, and resulting disability rating, will have a significant impact on the Veteran's entitlement to TDIU and/or SMC, the Board finds that these remaining issues are inextricably intertwined and must be deferred. See Harris v. Derwinski, 1 Vet. App. 180 (1991).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain any outstanding VA and/or private treatment records relevant to the claims remaining on appeal.

2. Forward the Veteran's claims file to an appropriate examiner for an opinion as to the nature and etiology of the Veteran's acquired psychiatric disabilities. It is left to the examiner's discretion whether to reexamine the Veteran. The examiner should specifically identify any acquired psychiatric disabilities diagnosed during the appeal period. 

For each identified acquired psychiatric disability, the examiner is asked to opine whether it is at least as likely as not (50 percent probability or greater) that the disability was caused by, or otherwise related to, the Veteran's active duty service. 

A clear and complete rationale should be provided for any opinions expressed.

3. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of any peripheral neuropathy of his various extremities.

If such diagnoses are found, the examiner should opine whether it is at least as likely as not that they were caused by, or otherwise related to, his active duty service.

A clear and complete rationale should be provided for any opinions expressed. 

4. Forward the Veteran's claims file to an appropriate examiner for an opinion as to the nature and etiology of his hypertension. It is left to the examiner's discretion whether to reexamine the Veteran. The examiner is specifically advised that the Veteran sought treatment for dizziness and headaches during his active duty service. 

The examiner should opine whether it is at least as likely as not that the Veteran's hypertension was caused by, or otherwise related to, his active duty service. 

A clear and complete rationale should be provided for any opinions expressed.

5. Then, re-adjudicate the claims remaining on appeal. If any of the benefits sought are not granted in full, issue the Veteran a supplemental statement of the case and return the appeal to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



______________________________________________
H.M. WALKER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs